Tiega-Noel Varlack, Esq. (SBN 248203)
**VARLACK LEGAL SERVICES**
Gatehouse Plaza II
1260 B Street, Suite 350
Hayward, CA 94541
Telephone: (510)-397-2008
Facsimile:  (510)-397-2997
E-mail: tiega@varlacklegal.com

Attorney for Plaintiff,
HANA SHIRRIEL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA SHIRRIEL, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Failure to Provide Reasonable Accommodation ADA (42 U.S.C. § 12112(b)(5)(A)) |
| CITY OF BERKELEY, JANICE CHIN, CARI MCDONALD, AND DOES 1 THROUGH 20, INCLUSIVE, | 2. Failure to Engage in the Interactive Process ADA – 42 U.S.C. § 12112(b)(5)(A) and 29 C.F.R. § 1630.2(o)(3) |
| Defendants. | 3. Disability Discrimination (Disparate Treatment / Adverse Action) 42 U.S.C. § 12112(a) |
| | 4. Retaliation ADA – 42 U.S.C. § 12203(a); FMLA – 29 U.S.C. § 2615(a)(2) |
| | 5. Pregnant Workers Fairness Act (PWFA) 42 U.S.C. § 2000gg et seq. |
| | 6. Harassment in Violation of FEHA (Gov. Code § 12940(j)) |
| | **JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff, an African American female, brings this action alleging that her civil rights were severely violated and compromised by the discriminatory, retaliatory, and oppressive conduct of

Defendant City of Berkeley, its employees, and agents, including but not limited to Supervisor Janice Chin and Human Resources Analyst Cari McDonald.

At all relevant times, Plaintiff was employed as a Senior Health Services Program Specialist by Defendant. Plaintiff alleges that, after suffering from post-partum depression and anxiety, she was subjected to a hostile work environment and systematically pushed out of her position. Plaintiff further contends that Defendant discriminated against her on the basis of disability, denied her reasonable accommodations, and retaliated against her for engaging in protected activity, including taking protected leave and requesting accommodations.

As a result of these actions, Plaintiff seeks redress for the alleged violations of her civil and employment rights.

## I.    NATURE OF THE CASE

Plaintiff contends and will prove that she was a victim of disability discrimination, retaliation, and Defendant's bad-faith failure to engage in the interactive process, conduct so severe that it materially altered her working conditions and ultimately resulted in her involuntary removal from the workplace.

Plaintiff, who suffers from severe anxiety and post-partum depression, requested remote work as a reasonable accommodation. Defendant initially granted the accommodation but later revoked it without adequate justification, instead asserting an unspecified "undue hardship." As a result of Defendant's decision, Plaintiff was forced onto unpaid leave, lost medical benefits, and suffered interruption of her career trajectory.

Plaintiff further alleges that management, including Supervisor Janice Chin and Human Resources Analyst Cari McDonald, contributed to and reinforced this discriminatory and retaliatory environment by falsely characterizing Plaintiff's accommodation requests as "insubordination," thereby demonstrating disregard for the interactive process and applicable disability accommodation obligations.

The cumulative effect of Defendant's actions caused Plaintiff significant emotional distress, medical exacerbation of her post-partum conditions, and substantial financial harm.

## II.    JURISDICTION AND VENUE

2
**COMPLAINT FOR DAMAGES**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including:

- Title VII of the Civil Rights Act of 1964
- Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.
- Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.
- Pregnant Workers Fairness Act (PWFA), 42 U.S.C. § 2000gg et seq.
- 42 U.S.C. § 1983

2. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related state law claims under the California Fair Employment and Housing Act (FEHA), Cal. Gov. Code § 12940 et seq.

3. Venue is proper in this District under 28 U.S.C. § 1391 because all events occurred in Alameda County, California, within this judicial district.

### III. PARTIES

4. Plaintiff HANA SHIRRIEL (hereinafter "Shirriel") is an African American female who resides in Fairfield, California, and was at all relevant times an employee of the City of Berkeley. Plaintiff was hired on or about August 10, 2020, as a Senior Health Services Program Specialist.

5. Defendant CITY OF BERKELEY (hereinafter "City") is, and at all times mentioned herein was, a public entity and employer existing under the laws of the State of California.

6. Defendant JANICE CHIN was Plaintiff's direct supervisor and acted within the scope of her employment at all relevant times.

7. Defendant CARI MCDONALD was an HR Analyst responsible for administering workplace accommodations and facilitating the interactive process.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes, and thereon alleges, that each DOE defendant is responsible in some manner for the

**COMPLAINT FOR DAMAGES**

occurrences alleged herein and that Plaintiff's damages were proximately caused by their conduct.

9. Plaintiff is further informed and believes and thereon alleges that each of the defendants, including DOE defendants, was at all relevant times the agent, servant, employee, partner, co-venturer, or representative of the remaining defendants, and was acting within the course and scope of such agency or employment and with the knowledge, permission, consent, and ratification of their co-defendants.

10. Plaintiff is further informed and believes that the conduct of each defendant was undertaken pursuant to a common plan, scheme, and course of conduct, and that each defendant acted as a co-conspirator and agent of the other defendants in furtherance of that plan or scheme.

11. Plaintiff is further informed and believes that each DOE defendant, whether individually, corporately, or otherwise, negligently and/or unlawfully contributed to the events and injuries alleged in this Complaint.

12. At all times mentioned herein, unless otherwise alleged, each defendant was the agent, employee, or co-conspirator of every other defendant, and in doing the acts alleged herein was acting within the course and scope of that agency or employment, and in furtherance of the alleged common plan and with the knowledge and consent of each of the other defendants.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff completed all necessary administrative steps concerning her employment law claims. Plaintiff filed a complaint with the California Civil Rights Department (CRD) (Case No. 202404-24380417) and the Equal Employment Opportunity Commission (EEOC) (EEOC Number: 37A-2025-00464). The CRD issued a Notice of Case Closure and Right to Sue on November 4, 2025. Plaintiff brings this action within the statutory timeframe permitted by law.

### V.    FACTUAL SUMMARY

14. Plaintiff was hired by Defendant City of Berkeley on August 10, 2020, as a Senior Health Services Program Specialist, earning approximately $62.00 per hour.

4
**COMPLAINT FOR DAMAGES**

15. On or about November 15, 2022, Plaintiff experienced a high-risk pregnancy necessitating hospitalization and monitoring and requested to work remotely.

16. Her supervisor, Janice Chin, verbally approved the request. At Ms. Chin's direction, Plaintiff provided a doctor's note via email

17.  Plaintiff was not informed of any formal ADA accommodation process.

18. Plaintiff thereafter worked remotely full-time from November 15, 2022, through January 25, 2023.

19. On December 5, 2022, Plaintiff requested a one-year parental leave of absence, which was approved under CFRA/FMLA for the period of January 31, 2023, through January 30, 2024.

20. Plaintiff gave birth on January 27, 2023, following a brief absence beginning January 25, 2023.

21. Prior to her return to work, Plaintiff communicated with Janice Chin on December 21, 2023, and again on January 16, 2024, regarding her return-to-work plan.

22. During these communications, Plaintiff expressly requested remote work as a reasonable accommodation for her post-partum mental health conditions, including severe anxiety and depression that impaired her ability to drive or leave her home.

23. These conditions were supported by medical providers including Lauren Cabaldon, LMFT, and Dr. Betty Lin, OBGYN.

24. Supervisor Chin, however, insisted that Plaintiff return to onsite, full-time work.

25. Plaintiff returned to work on January 30, 2024, and provided medical verification of her temporary restrictions at approximately 12:24 p.m.

26. Because of an acute escalation of her symptoms, Plaintiff notified her team and Supervisor Chin that she would complete the remainder of her workday remotely and left the worksite at approximately 1:00 p.m.

27. On January 31, 2024, Janice Chin emailed Plaintiff at approximately 6:04 a.m. stating she was not approved for telework. Later that same day, HR Analyst Cari McDonald formally notified Plaintiff that she was not approved for a telework accommodation and placed her on unauthorized leave without pay (LWOP) pending processing of her paperwork.

**COMPLAINT FOR DAMAGES**

28. Plaintiff also engaged with EEO Officer Tamela Hopson-Dudley that day to report concerns regarding her supervisor's conduct.

29. Plaintiff was thereafter placed on unpaid leave from January 31, 2024, through February 6, 2024.

30. On February 1, 2024, Supervisor Chin further accused Plaintiff of "insubordination" based on her remote work on January 30 and 31, 2024.

31. On February 6, 2024, Plaintiff was approved for a temporary 60-day accommodation permitting remote work as needed.

32. Plaintiff returned to work on February 7, 2024, under a modified hybrid schedule permitting remote work on Mondays and Fridays, with onsite work Tuesday through Thursday, and additional remote work when medically necessary.

33. During this period, Plaintiff also took approved bereavement leave from February 8–9 and February 14–21, 2024.

34. Plaintiff further experienced payroll discrepancies arising from incorrect timekeeping codes submitted by Supervisor Chin, requiring correction with the payroll department.

35. As the temporary accommodation period neared expiration, Plaintiff initiated the interactive process on March 29, 2024, and submitted a renewed accommodation request on April 4, 2024, supported by updated medical documentation.

36. After administrative delays, an interactive process meeting was held on April 16, 2024. Rather than engaging in a good-faith interactive process, Defendant denied the accommodation extension, asserting an unspecified "undue hardship" related to onsite supervision requirements.

37. Plaintiff was warned that her benefits could lapse if she did not work for two consecutive pay periods and was advised to resubmit a request with a more "solid schedule."

38. Plaintiff subsequently submitted a revised accommodation request on April 19, 2024, proposing a structured hybrid schedule.

39. By formal letter dated April 22, 2024, Defendant denied the request, again citing undue hardship, and placed Plaintiff on a 60-day involuntary medical leave.

6
**COMPLAINT FOR DAMAGES**

40. Defendant further reiterated that Plaintiff's medical benefits would terminate if she did not meet specified work requirements.

41. During Plaintiff's leave, Defendant conducted a purported "job vacancy search" for reassignment opportunities.

42. Meetings held by HR Analyst Cari McDonald on multiple dates, including May 2, May 9, May 31, and June 7, 2024, did not result in any comparable placement options and instead included pressure for Plaintiff to accept a lower classification position with reduced pay, including an Assistant Management Analyst role.

43. Plaintiff also filed a formal EEO discrimination complaint on May 2, 2024.

44. On June 22, 2024, Plaintiff's temporary medical leave expired without any alternative placement or accommodation resolution.

45. On June 28, 2024, Plaintiff's representative sent a formal notice of representation to Defendant.

46. On July 1, 2024, Defendant terminated Plaintiff's medical benefits. Plaintiff's internal EEO complaint was dismissed on July 31, 2024, with Defendant concluding that no adverse action had been substantiated.

### FIRST CAUSE OF ACTION
**Failure to Provide Reasonable Accommodation**
**ADA (42 U.S.C. § 12112(b)(5)(A))**
(Against Defendant CITY OF BERKELEY)

47. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

48. At all relevant times, Plaintiff was a qualified individual with a disability under the Americans with Disabilities Act ("ADA"), including severe anxiety and post-partum depression that substantially limited major life activities, including leaving her home and commuting to work.

49. Defendant CITY OF BERKELEY was an employer within the meaning of 42 U.S.C. § 12111(2) and 42 U.S.C. § 12111(5).

50. Plaintiff requested reasonable accommodations, including remote or hybrid work, supported by medical documentation from licensed providers due to her post-partum medical conditions.

**COMPLAINT FOR DAMAGES**

51. Plaintiff was capable of performing the essential functions of her position with such reasonable accommodation.

52. Defendant initially permitted remote work but later revoked and refused to extend or maintain that accommodation without demonstrating undue hardship or conducting an individualized assessment of Plaintiff's limitations and job functions.

53. Instead, Defendant placed Plaintiff on involuntary unpaid leave and disrupted her employment and benefits.

54. Defendant's failure to provide reasonable accommodation violated 42 U.S.C. § 12112(b)(5)(A) and caused Plaintiff to suffer lost wages, loss of benefits, and emotional distress.

**SECOND CAUSE OF ACTION**
**Failure to Engage in the Interactive Process**
**ADA – 42 U.S.C. § 12112(b)(5)(A) and 29 C.F.R. § 1630.2(o)(3)**
(Against Defendant CITY OF BERKELEY)

55. Plaintiff re-alleges and incorporates all preceding paragraphs.

56. Under the ADA, employers are required to engage in an individualized, good faith interactive process to determine effective reasonable accommodations.

57. Plaintiff triggered the interactive process by submitting medical documentation and requesting accommodations beginning in January 2024 and continuing through April 2024.

58. Defendant failed to engage in the interactive process in good faith, including by:

59. Rejecting telework without meaningful consideration of Plaintiff's limitations,

60. Characterizing Plaintiff's disability-related conduct as "insubordination," and

61. Issuing unilateral accommodation denials without meaningful dialogue.

62. Defendant's internal "job vacancy search" process was not a good faith effort to identify reasonable accommodation options within or comparable to Plaintiff's role.

63. As a direct result, Defendant failed to identify or provide effective accommodations, resulting in Plaintiff's unpaid leave and loss of employment benefits.

**THIRD CAUSE OF ACTION**
**Disability Discrimination (Disparate Treatment / Adverse Action)**
**42 U.S.C. § 12112(a)**
(Against Defendant CITY OF BERKELEY)

**COMPLAINT FOR DAMAGES**

64. Plaintiff re-alleges and incorporates all preceding paragraphs.

65. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12102.

66. Defendant subjected Plaintiff to adverse employment actions, including:

- Placement on involuntary unpaid leave,

- Revocation or denial of remote work accommodation,

- Disruption of medical benefits, and

- Accusations of insubordination tied to disability-related conduct.

67. These adverse actions occurred under circumstances giving rise to an inference of disability discrimination, including Defendant's awareness of Plaintiff's documented post-partum medical conditions and accommodation requests.

68. Defendant's conduct altered the terms, conditions, and privileges of Plaintiff's employment.

69. Plaintiff suffered damages, including lost wages, lost benefits, and emotional distress.

## FOURTH CAUSE OF ACTION
### Retaliation
### ADA – 42 U.S.C. § 12203(a); FMLA – 29 U.S.C. § 2615(a)(2)

(Against Defendant CITY OF BERKELEY)

70. plaintiff re-alleges and incorporates all preceding paragraphs.

71. Plaintiff engaged in protected activity under federal law, including:

- Requesting reasonable accommodation under the ADA, and

- Exercising rights under the FMLA for pregnancy, childbirth, and bonding leave.

72. Defendant took materially adverse actions against Plaintiff, including:

- Revocation and denial of telework accommodation,

- Placement on involuntary unpaid leave,

- Interruption of medical benefits, and

- Labeling Plaintiff's conduct as "insubordination" following protected activity.

73. A causal connection exists between Plaintiff's protected activities and Defendant's adverse actions, supported by temporal proximity and escalating restrictions following Plaintiff's return from protected leave and accommodation requests.

74. Defendant's actions were retaliatory and in violation of federal law.

75. Plaintiff suffered economic loss and emotional distress as a result.

## FIFTH CAUSE OF ACTION

### Pregnant Workers Fairness Act (PWFA)
### 42 U.S.C. § 2000gg et seq.

(Against Defendant CITY OF BERKELEY)

76. Plaintiff re-alleges and incorporates all preceding paragraphs.

77. Plaintiff experienced known limitations related to pregnancy, childbirth, and related medical conditions, including post-partum depression and anxiety.

78. Defendant was aware of these limitations and Plaintiff's need for reasonable accommodation.

79. Plaintiff requested reasonable accommodations, including remote or hybrid work, which would have allowed her to perform the essential functions of her position.

80. Defendant failed to provide reasonable accommodation under the PWFA and instead placed Plaintiff on involuntary leave and denied continued telework.

81. Defendant failed to demonstrate undue hardship or properly evaluate alternative accommodations as required by federal law.

82. Plaintiff suffered damages as a result of Defendant's violations.

## SIXTH  CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
(Against All Defendants)

*(Against All Defendants – Including Individual Defendants)*

83. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. At all relevant times, Plaintiff was a member of protected classes under the California Fair Employment and Housing Act ("FEHA"), including but not limited to sex (pregnancy), disability (including post-partum depression and anxiety), and race (African American).

85. Defendants, and each of them, including JANICE CHIN and CARI MCDONALD, engaged in unlawful harassment against Plaintiff because of her protected status.

86. Beginning immediately upon Plaintiff's return from protected leave in or about January 2024, and continuing through the termination of her employment, Plaintiff was subjected to a pattern of unwelcome, hostile, and abusive conduct, including but not limited to:

- Labeling Plaintiff's disability-related conduct as "insubordination," including accusing her of misconduct for leaving work early and working remotely pursuant to medical necessity;

- Dismissing and minimizing Plaintiff's pregnancy-related and post-partum medical conditions, and treating her need for accommodation as illegitimate or burdensome;

- Undermining Plaintiff's authority and competence in her role as a senior manager, including subjecting her to heightened scrutiny, criticism, and shifting expectations not imposed on similarly situated employees;

- Engaging in a hostile and adversarial "interactive process," wherein Plaintiff's good-faith requests for accommodation were met with resistance, blame, and pretextual denials rather than meaningful engagement;

- Isolating Plaintiff from the workplace by placing her on involuntary unpaid leave and threatening or terminating her employment benefits during a medically vulnerable period;

- Subjecting Plaintiff to pretextual investigations and accusations, including allegations regarding outside employment, as part of a broader pattern of targeting and building a case for her removal.

87. The conduct described above was unwelcome, severe, and pervasive, and was motivated, at least in substantial part, by Plaintiff's protected characteristics, including her pregnancy-related disability, sex, and race.

88. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an intimidating, hostile, and offensive work environment. The conduct interfered with Plaintiff's ability to perform her job duties and contributed to the deterioration of her mental health.

**COMPLAINT FOR DAMAGES**

89. The harassing conduct included actions by supervisory employees, including Defendant JANICE CHIN, thereby rendering Defendant CITY OF BERKELEY strictly liable under FEHA.

90. Defendant CARI MCDONALD, and other agents of Defendant CITY OF BERKELEY, personally participated in and/or ratified the harassing conduct, and are individually liable for harassment under Gov. Code § 12940(j).

91. Defendant CITY OF BERKELEY knew or should have known of the harassment and failed to take immediate and appropriate corrective action, thereby further contributing to the hostile work environment.

92. At all relevant times, the individual Defendants were agents and supervisory employees of Defendant City of Berkeley, had notice of the administrative charge, and are properly named herein under the identity-of-interest doctrine.

93. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer substantial damages, including but not limited to emotional distress, exacerbation of medical conditions, humiliation, loss of income, and loss of employment benefits.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants CITY OF BERKELEY, JANICE CHIN, CARI MCDONALD, and DOES 1 through 20, as follows:

1. For compensatory damages according to proof, including but not limited to lost earnings, loss of employment benefits, and loss of retirement and pension benefits, including the loss of near-vesting status and the resulting diminution in long-term retirement income, as well as damages for emotional distress, humiliation, and mental anguish;

2. For interest on lost earnings and benefits at the prevailing legal rate;

3. For reasonable attorney's fees incurred by Plaintiff;

4. For costs of suit incurred by Plaintiff; and

5. For such other and further relief as the Court deems just and proper.

**COMPLAINT FOR DAMAGES**

DATED: April 20, 2026,

VARLACK LEGAL SERVICES

TIEGA NOEL VARLACK
Attorney for Plaintiff,
HANA SHIRRIEL



*Shirriel v City of Berkeley*

**EXHIBIT A**

 Outlook

**Fwd:** ▮▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮

| | |
|---|---|
| **From** ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ | |
| **Date** Fri 4/10/2026 12:06 PM | |
| **To** ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ | |

▮▮

▮▮

▮▮▮▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮
▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ ▮▮▮▮ ▮▮▮▮

> **From:** ▮▮▮▮▮ ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
> **Date:** January 23, 2026 at 4:47:23 AM PST
> **To:** ▮▮▮▮▮▮▮▮▮▮▮
> **Subject: Response: Your Civil Rights Division Report - 702936-JQB from the Disability Rights Section**
> **Reply-To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



U.S. Department of Justice
Civil Rights Division

civilrights.justice.gov

702936-JQB

Jan 23, 2026

Hana Shirriel

hanashirriel@yahoo.com

EEOC Charge Against: City of Berkeley
EEOC Charge No. 37A-2025-00464

Dear Hana Shirriel,

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: Los Angeles District Office. Contact information for this office is located at: https://www.eeoc.gov/field-office/losangeles/location.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,

Title I Complaint Intake Unit
US Department of Justice
Disability Rights Section
ADA.EEOCcharges@usdoj.gov

Enclosure:
Notice of Rights under the ADAAA

---

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008
(ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the

definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"  now include the operation of major bodily functions**, such as:  functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- **Only one** major life activity need be substantially limited.

- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.

- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm

CC: hanashirriel@yahoo.com, TIEGA@VARLACKLEGAL.COM, ACARTER@BERKELEYCA.GOV, karrie.maeda@eeoc.gov

## Contact

civilrights.justice.gov

 U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

 (202) 514-3847
1-855-856-1247 (toll-free)
Telephone Device for the Deaf
(TTY) (202) 514-0716



*Shirriel v City of Berkeley*

**EXHIBIT B**

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

April 17, 2026

Tiega-Noel Varlack
1260 B Street, Suite 350
Hayward, CA 94541

RE:    **Notice to Complainant's Attorney**
CRD Matter Number: 202604-34651717
Right to Sue: Shirriel / City of Berkeley – Health, Housing & Community Services
/ Parks, Recreation & Waterfront

Dear Tiega-Noel Varlack:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

April 17, 2026

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202604-34651717
Right to Sue: Shirriel / City of Berkeley – Health, Housing & Community Services / Parks, Recreation & Waterfront

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

April 17, 2026

Hana Shirriel

,

RE:     **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202604-34651717
        Right to Sue: Shirriel / City of Berkeley – Health, Housing & Community Services / Parks, Recreation & Waterfront

Dear Hana Shirriel:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective April 17, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Hana Shirriel                                                    CRD No. 202604-34651717

                              Complainant,

vs.

City of Berkeley – Health, Housing & Community
Services / Parks, Recreation & Waterfront
,

                              Respondents

_____

**1.** Respondent **City of Berkeley – Health, Housing & Community Services / Parks, Recreation & Waterfront** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Hana Shirriel**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **April 15, 2026**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over), pregnancy, childbirth, breast feeding, and/or related medical conditions, disability (physical, intellectual/developmental, mental health/psychiatric), pregnancy disability leave (pdl).

**Complainant was discriminated against** because of complainant's sex/gender, age (40 and over), pregnancy, childbirth, breast feeding, and/or related medical conditions, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied accommodation for pregnancy, denied work opportunities or assignments, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint,

-1-
*Complaint – CRD No. 202604-34651717*

Date Filed: April 17, 2026

CRD-ENF 80 RS (Revised 2025/11)

requested or used pregnancy disability leave (pdl) and as a result was terminated, reprimanded, demoted, asked impermissible non-job-related questions, denied accommodation for pregnancy, denied accommodation for a disability, denied pregnancy disability leave (pdl).

**Additional Complaint Details:** I. INTRODUCTION

I, Hana Shirriel, bring this complaint for unlawful employment practices under the California Fair Employment and Housing Act (FEHA), the Pregnant Workers Fairness Act (PWFA), the Americans with Disabilities Act (ADA), and related laws.

I was employed by the City of Berkeley as a Senior Health Services Program Specialist, a permanent civil service position I held since August 2020.

I was subjected to discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and ultimately wrongful termination because of my pregnancy-related disability, medical condition, and need for accommodation.

II. PROTECTED STATUS

I am a member of protected classes, including:

Pregnancy and pregnancy-related medical condition
Disability (including pregnancy-related disability and post-partum recovery)
Sex / gender
III. FACTUAL BACKGROUND
A. Request for Accommodation and Protected Activity

After returning from parental leave in January 2024, I requested reasonable accommodation for a pregnancy-related disability and provided medical documentation supporting my need for a modified and hybrid work schedule.

I actively engaged in the interactive process with the City, including:

Providing medical documentation
Participating in meetings with HR and ADA coordinators
Communicating with supervisors about limitations and work capacity

The City initially approved a temporary accommodation, acknowledging my disability and need for flexibility.

B. Breakdown of the Interactive Process (Employer-Caused)

Despite my continued willingness to engage, the City:

-2-
*Complaint – CRD No. 202604-34651717*

Date Filed: April 17, 2026

CRD-ENF 80 RS (Revised 2025/11)

Mischaracterized my compliance as "nonparticipation"
Imposed rigid and shifting expectations inconsistent with my medical restrictions
Failed to meaningfully explore reasonable accommodations or alternatives
Denied extension of accommodations despite ongoing medical need

The City later claimed I "failed to participate in the interactive process," which is false. The record shows I engaged in good faith and remained open to reassignment or accommodation.

Instead, the City:

Created an artificial "impasse"
Failed to provide effective accommodation
Shifted blame onto me for its own failure to comply with FEHA and PWFA
C. Denial of Reasonable Accommodation

The City denied my request for continued accommodation, asserting "undue hardship" and claiming I could not perform essential functions remotely.

However:

I successfully performed my duties during the accommodation period
The City acknowledged remote work was initially feasible
The denial ignored less restrictive alternatives (e.g., modified duties, reassignment, hybrid scheduling)

This constitutes:

Failure to accommodate
Failure to engage in a good faith interactive process
Violation of FEHA and PWFA
D. Forced Leave and Constructive Removal from Workforce

After denying accommodation, the City:

Placed me on involuntary medical leave
Initiated a reassignment search without meaningful collaboration
Failed to offer viable positions consistent with my qualifications and restrictions

The City later claimed I failed to engage in reassignment discussions, but:

I participated in multiple communications and meetings
The City offered positions that were not comparable or reasonable
The process was not conducted in good faith
E. Pretextual Justifications for Termination

-3-
*Complaint – CRD No. 202604-34651717*

Date Filed: April 17, 2026

CRD-ENF 80 RS (Revised 2025/11)

The City relied on pretextual and shifting reasons to justify termination, including:

Alleged failure to engage in the interactive process
Contradicted by documented participation
Alleged inability to perform essential functions
Despite prior accommodation and performance
Alleged unauthorized outside employment
Raised late and without proper notice
Used as a post hoc justification

The City ultimately upheld my termination based on these allegations.

F. Termination

On or about April 15, 2026, the City issued a final determination upholding termination of my employment.

The stated reasons were:

Failure to participate in the interactive process
Alleged policy violations

However, these reasons are false, pretextual, and directly tied to my protected status and accommodation requests.

IV. UNLAWFUL CONDUCT

Respondent engaged in unlawful employment practices including:

1. Disability Discrimination (FEHA, ADA)
Adverse actions taken because of my disability
Refusal to accommodate medical limitations
2. Pregnancy Discrimination (FEHA, PWFA)
Failure to accommodate pregnancy-related conditions
Penalizing me for requesting accommodations
3. Failure to Provide Reasonable Accommodation
Denial of continued or effective accommodations
Failure to consider alternatives
4. Failure to Engage in Interactive Process
Bad faith participation
Shifting blame to employee
5. Retaliation
Adverse actions following protected activity
Escalation after accommodation requests
6. Wrongful Termination
Termination motivated by protected status and conduct

-4-
*Complaint – CRD No. 202604-34651717*

Date Filed: April 17, 2026

CRD-ENF 80 RS (Revised 2025/11)

7. Failure to Prevent Discrimination and Retaliation (FEHA)
Lack of safeguards and compliance
8. Harassment (if applicable based on facts)
Hostile or punitive treatment related to disability
V. HARM SUFFERED

As a result of Respondent's conduct, I suffered:

Loss of employment
Loss of income and benefits
Emotional distress
Damage to professional reputation
Loss of career opportunities

-5-
*Complaint – CRD No. 202604-34651717*

Date Filed: April 17, 2026

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **Tiega-Noel Varlack**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On April 17, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Hayward, CA**

-6-
*Complaint – CRD No. 202604-34651717*

Date Filed: April 17, 2026

CRD-ENF 80 RS (Revised 2025/11)