United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HANA SHIRRIEL,
Plaintiff,
v.
CITY OF BERKELEY, et al.,
Defendants.

Case No. 26-cv-03314-MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is defendant City of Berkeley's ("the City") "Motion to Dismiss," filed June 25, 2026, and joined by defendant Janice Chin ("Chin"). Plaintiff Hana Shirriel ("Shirriel") has filed opposition, to which defendant has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, hereby rules as follows.[1]

**BACKGROUND**[2]

Shirriel, "an African American female" (see Doc. No. 1 ("Complaint") ¶ 4), "was hired by [d]efendant City of Berkeley on August 10, 2020, as a Senior Health Services Program Specialist" (see id. ¶ 14).

On "November 15, 2022, [Shirriel] experienced a high-risk pregnancy necessitating hospitalization and monitoring and requested to work remotely." (See id. ¶ 15.) Chin, Shirriel's supervisor, "verbally approved the request" (see id. ¶ 16), and Shirriel "thereafter worked remotely full-time from November 15, 2022, through January 25,

---

[1] By prior order, the Court took the matter under submission. (See Doc. No. 25.)

[2] Unless otherwise stated, the below facts are taken from the FAC.

2023" (see id. ¶ 18). Shirriel's request for "a one-year parental leave of absence" was approved "for the period of January 31, 2023, through January 30, 2024" (see id. ¶ 19), and she "gave birth on January 27, 2023" (see id. ¶ 20).

Before returning to work from her parental leave of absence, Shirriel "communicated with Janice Chin…regarding her return-to-work plan" (see id. ¶ 21) and "expressly requested remote work as a reasonable accommodation for her post-partum mental health conditions, including severe anxiety and depression that impaired her ability to drive or leave her home" (see id. ¶ 22). "Chin, however, insisted that [Shirriel] return to onsite, full-time work" (see id. ¶ 24), and Shirriel "returned to work on January 30, 2024" (see id. ¶ 25).

On January 30, 2024, upon returning to in-person work, Shirriel experienced "an acute escalation of her symptoms," and thereafter "notified her team and Supervisor Chin that she would complete the remainder of her workday remotely and left the worksite." (See id. ¶ 26.) The next morning, "Chin emailed [Shirriel]…stating she was not approved for telework," and defendant Cari McDonald ("McDonald"), an HR Analyst at the City of Berkeley,[3] "formally notified [Shirriel] that she was not approved for a telework accommodation and placed her on unauthorized leave without pay…pending processing of her paperwork" for remote work authorization. (See id. ¶ 27.) "On February 6, 2024, [Shirriel] was approved for a temporary 60-day accommodation permitting remote work as needed" (see id. ¶ 31), and she "returned to work on February 7, 2024, under a modified hybrid schedule" (see id. ¶ 32).

On March 29, 2024, near the end of the 60-day period, Shirriel "initiated the interactive process…and submitted a renewed accommodation request on April 4, 2024" (see id. ¶ 35), which the City "denied" on the asserted ground of "'undue hardship' related to onsite supervision requirements" (see id. ¶ 36). Shirriel "submitted a revised accommodation request on April 19, 2024, proposing a structured hybrid schedule" (see

[3] To date, defendant McDonald has not been served.

id. ¶ 38), and the City, on April 22, 2024, "denied the request, again citing undue hardship, and placed [Shirriel] on a 60-day involuntary medical leave" (see id. ¶ 39).

During Shirriel's 60-day involuntary medical leave, the City "conducted a…'job vacancy search' for reassignment opportunities" for Shirriel (see id. ¶ 41), which search "did not result in any comparable placement options" (see id. ¶ 42). On June 22, 2024, Shirriel's "medical leave expired without any alternative placement or accommodation resolution" (see id. ¶ 44), and, on July 1, 2024, the City "terminated [Shirriel's] medical benefits" (see id. ¶ 46).

Based on the above events, Shirriel asserts the following Six Causes of Action: (1) "Failure to Provide Reasonable Accommodation[,] ADA (42 U.S.C. § 12112(b)(5)(A))"; (2) "Failure to Engage in the Interactive Process[,] ADA – 42 U.S.C. § 12112(b)(5)(A) and 29 C.F.R. § 1630.2(o)(3); (3) "Disability Discrimination (Disparate Treatment / Adverse Action) 42 U.S.C. § 12112(a)"; (4) "Retaliation[,] ADA – 42 U.S.C. § 12203(a) and 29 U.S.C. § 2615(a)(2)"; (5) "Pregnant Workers Fairness Act (PWFA) 42 U.S.C. § 2000gg et seq."; and (6) "Harassment in Violation of FEHA (Gov. Code § 12940(j))."[4]

By the instant motion, the City and Chin seek dismissal of plaintiff's Sixth Cause of Action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground of failure to state a claim. (See Doc. No. 17 ("Mot.") at 2:10-12.)[5]

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

---

[4] Although, in the body of the Complaint, the Sixth Cause of Action is titled "Intentional Infliction of Emotional Distress," it is listed in the caption as "Harassment in Violation of FEHA (Gov. Code § 12940(j))," and Shiriel, in her Opposition, "clarifies that the Sixth Cause of Action was intended to plead harassment under [FEHA]…and not a separate common-law claim for Intentional Infliction of Emotional Distress" (see Doc. No. 19 ("Opp.") at 1:5-8), and that "[t]he use of 'Intentional Infliction of Emotional Distress' in the body heading was an inadvertent drafting error" (see id. at 3:7-8).

[5] The City and Chin do not move to dismiss Shirriel's remaining five Causes of Action. (See Mot. at 2:8-9.)

under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than . . . a formulaic recitation of the elements of a cause of action." Id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

Shirriel's Sixth Cause of Action, brought against all defendants, is, as noted, a claim alleging harassment in violation of California's Fair Employment and Housing Act ("FEHA").

In particular, Shirriel alleges, defendants "subjected [her] to a pattern of unwelcome, hostile, and abusive conduct" (see Complaint ¶ 86), "motivated, at least in substantial part, by [her] protected characteristics, including her pregnancy-related

disability, sex, and race" (see id. ¶ 87), and "sufficiently severe or pervasive to…create an intimidating, hostile, and offensive work environment" (see id. ¶ 88).

Defendants argue Shirriel fails to plausibly allege a harassment claim under § 12940(j) because the Complaint "describe[s] personnel management decisions that, while allegedly discriminatory, cannot support a harassment claim without additional facts demonstrating a hostile or abusive message based on a protected characteristic." (See Doc. No. 21 ("Reply") at 5:1-3.) As set forth below, the Court agrees.

Section 12940(j) makes it unlawful "[f]or an employer…or any other person…to harass an employee" on account of, inter alia, "race," "color," "physical disability," "medical condition," or "sex." See Cal. Gov. Code § 12940(j)(1). "To establish a prima facie case of unlawful harassment under FEHA, a plaintiff must show (1) [he/she] was a member of a protected class; (2) [he/she] was subjected to unwelcome…harassment; (3) the harassment was based on [his/her membership in a protected class]; (4) the harassment unreasonably interfered with [his/her] work performance by creating an intimidating, hostile, or offensive work environment; and (5) [the defendant] is liable for the harassment." See Martin v. Board of Trustees of California State University, 97 Cal.App.5th 149, 170 (2023) (internal quotation and citation omitted).

Harassment, under § 12940(j), "focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." See Roby v. McKesson Corp., 47 Cal.4th 686, 706 (2009) (emphasis omitted). It "consists of a type of conduct not necessary for performance of a supervisory job," which conduct is "presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives," see Reno v. Baird, 18 Cal.4th 640, 645-46 (1998), and comprises, for example, "epithets, derogatory comments or slurs," see Bailey v. San Francisco Dist. Attorney's Office, 16 Cal.5th11, 627 (2024) (internal quotation and citation omitted); see also Reno, 18 Cal.4th at 646 (listing "slurs," "derogatory drawings," "interfer[ence] with freedom of movement," and "unwanted sexual

advances" as examples of harassment).

By contrast, "the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations,…and the like, do not come within the meaning of harassment," even if "found discriminatory." See id. at 646-47 (internal quotation and citation omitted).

Here, Shirriel alleges, defendants engaged in harassment by "[l]abeling [her] disability-related conduct as 'insubordination'" and "accusing her of misconduct for leaving work early and working remotely pursuant to medical necessity"; "[d]ismissing and minimizing [her] pregnancy-related and post-partum medical conditions"; "subject[ing] her to heightened scrutiny, criticism, and shifting expectations not imposed on similarly situated employees"; "[e]ngaging in a hostile and adversarial 'interactive process,' wherein [her] good-faith requests for accommodation were met with…pretextual denials"; "[i]solating [her] from the workplace by placing her on involuntary unpaid leave and threatening or terminating her employment benefits during a medically vulnerable period"; and "[s]ubjecting [her] to pretextual investigations and accusations, including allegations regarding outside employment, as part of a broader pattern of targeting and building a case for her removal." (See Complaint ¶ 86.)

Such allegations, however, concern "personnel management actions" taken by defendants in connection with Shirriel's work schedule, workplace accommodations, and discipline related to Shirriel's compliance with in-person work requirements, which actions constitute "conduct of a type fundamentally different from the type of conduct that constitutes harassment." See Reno, 18 Cal.4th at 646 (internal quotation and citation omitted).

Accordingly, Shirriel's Sixth Cause of Action is subject to dismissal as to all three defendants. See Silverton v. Department of Treasury of U.S., 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss as to one defendant, court may dismiss claims against non-moving defendants "in a position similar to that of

United States District Court
Northern District of California

moving defendants”).

## CONCLUSION

For the reasons stated above, defendant’s Motion to Dismiss is hereby GRANTED with leave to amend to cure, if she can do so, the above-noted deficiencies in the Sixth Cause of Action. If Shirriel elects to amend, her First Amended Complaint shall be filed no later than August 20, 2026. If Shirriel does not amend, the above-titled action will proceed on her five remaining Causes of Action.

**IT IS SO ORDERED.**

Dated: July 29, 2026

MAXINE M. CHESNEY
United States District Judge