IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HANA SHIRRIEL,

Plaintiff,

v.

CITY OF BERKELEY, et al.,

Defendants.

Case No. 26-cv-03314-MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is defendants City of Berkeley and Janice Chin's Motion, filed September 11, 2026, "to Dismiss One Cause of Action in the First Amended Complaint," whereby defendants move to dismiss plaintiff Hana Shirriel's ("Shirriel") Sixth Cause of Action, titled "Harassment in Violation of FEHA[,] (Gov. Code. § 12940(j))."[1] Shirriel has filed opposition, to which defendants have replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 23, 2026, and rules as follows.

**DISCUSSION**[2]

**I. Harassment**

The Court, in granting defendants' prior motion to dismiss the Sixth Cause of Action as alleged in the initial Complaint, held Shirriel failed to plead conduct that constituted harassment (see Order at 5:27-6:1) (listing as examples "slurs," "derogatory drawings," "interfer[ence] with freedom of movement," and "unwanted sexual advances") as opposed to "personnel management actions" (see id. at 6:19-21) (listing as examples

[1] Defendants do not move to dismiss Shirriel's remaining five Causes of Action. (See Mot. at 2:7-11.)

[2] In its order granting defendants' motion to dismiss the Sixth Cause of Action for harassment in Shirriel's initial complaint, the Court set forth in detail the factual background underlying the instant action, which underlying facts remain unchanged. (See Doc. No. 28 ("Order") at 1:18-3:18.)

United States District Court
Northern District of California

actions "taken…in connection with Shirriel's work schedule, workplace accommodations, and discipline related to Shirriel's compliance with in-person work requirements").

The First Amended Complaint realleges the same conduct the Court, in its prior order, previously found constituted "personnel management actions" rather than harassment (compare Doc. No. 30 ("FAC") ¶ 87 with Doc. No. 1 ("Complaint") ¶ 86), which, in each such pleading, Shirriel characterizes as "abusive" (see FAC at 11:21; see also Complaint at 11:3).

Although the FAC adds to the list of allegedly "abusive" conduct allegations that defendants made "disparaging comments regarding [p]laintiff's post-partum mental health, mocking her medical restrictions as excuses, and minimizing her pregnancy-related conditions as illegitimate or burdensome," "[s]ubject[ed] [p]laintiff to personal ridicule, severe scolding, and aggressive hostility during administrative and accommodation interactions," and "[q]uestion[ed] the legitimacy of [p]laintiff's medical diagnosis[,] pressuring her…to accept a lower-paying position" (see FAC ¶ 87), the FAC fails to allege any new conduct in support thereof, namely, what was, in fact, said,[3] in the absence of which Shirriel's conclusory characterizations are insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted).

Accordingly, Shirriel's Sixth Cause of Action is subject to dismissal.

**II. Leave to Amend**

Although Shirriel requests leave to plead "additional specific facts" (see Opp. at 8:4), the FAC, as defendants point out, "was her opportunity to be more specific" (see Reply at 1:17-19), and Shirriel, despite the Court's having detailed the deficiencies in her prior allegations, has failed to offer any new underlying factual allegations whatsoever

[3] The FAC's sole example of such language is that defendants, in "[q]uestioning the legitimacy of [p]laintiff's medical diagnosis and pressuring her…to accept a lower-paying position[,]…remark[ed] that she 'should be happy' with her existing role." (See FAC ¶ 87.) Such comment, however, does not rise to the level of harassing conduct.

(compare FAC ¶¶ 14-46 with Complaint ¶¶ 14-46). Under such circumstances, the Court finds leave to amend is not warranted. See, e.g., Brown v. Fitzpatrick, 667 F.App'x 267 (9th Cir. 2016) (holding "district court did not abuse its discretion in dismissing [plaintiff's] amended complaint without leave to amend after providing [plaintiff] with one opportunity to amend"); Fosselman v. Hidalgo, 599 F.App'x. 310 (9th Cir. 2015) (holding "district court did not abuse its discretion in denying [plaintiff] further leave to amend after…first amended complaint failed to cure the deficiencies").

**CONCLUSION**

For the reasons stated above, defendant's Motion to Dismiss is hereby GRANTED, and the Sixth Cause of Action is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: October 9, 2026

MAXINE M. CHESNEY
United States District Judge